IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TRACIE VANDER VEN and DEREK VANDER VEN,<br><br>    Plaintiffs,<br><br><br>v.<br><br>THE TJX COMPANIES, INC. d/b/a MARSHALLS and HOMEGOODS and WENDY ELY,<br><br>    Defendants. | Civil Action<br>File No.: |

## PETITION FOR REMOVAL

TO:   The Honorable Judges of the United States District Court for the Northern District of Georgia, Atlanta Division:

COMES NOW, The TJX Companies, Inc., by and through its undersigned counsel, and hereby files its Petition for Removal and respectfully shows this Court the following:

1.    A civil action has been filed and is now pending in the State Court of Gwinnett County, State of Georgia, designated as Civil Action File No. 21-C-05767-S4.

2.    The Summons and Complaint in that action were filed in the State Court of Gwinnett County on August 4, 2021, and were first received by Defendant The

TJX Companies, Inc. by service through TJX Companies, Inc.'s registered agent on August 19, 2021.   Thus, TJX Companies, Inc. timely files this petition of removal.[1]

3.    TJX Companies, Inc. files herewith a copy of all process, pleading, and orders including the Summons and Complaint in this action, pursuant to 28 USC § 1446.  (Attached hereto as Exhibit A).

4.    Defendant is now, was at the commencement of this suit, and at all times since been a corporation organized and existing under the laws of Delaware and having its principal place of business in Massachusetts.

5.    In her lawsuit, Plaintiff also named Wendy Ely, in an attempt to destroy diversity. On January 25, 2020, and on all other dates relevant, Ms. Ely was not the manager of the Marshalls retail store where the incident occurred. She had no ownership, control, or other interest in the subject store where Plaintiff allegedly fell. In support, Defendant attaches the affidavit of Ms. Ely hereto as Exhibit B. Accordingly, Wendy Ely is fraudulently joined to this case. Her citizenship should be disregarded when determining whether this action is removable on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a), and it should be dismissed from this case.

---

[1] The 30th day after service, September 18, 2021, fell on a Saturday. Therefore, the deadline for removal is Monday September 20, 2021.

The Middle District of Georgia recently dealt with this issue. In *Woodard v. Wal-Mart Stores East, L.P.*, the District Judge found that the current store manager had been fraudulently joined to the case because he was neither the manger nor employed by the defendant retailer at the time of the fall. 2010 WL 942286 (M. D. Ga. 2010). Specifically, the District Judge found "Plaintiff cannot establish a cause of action against Manning for active negligence or misfeasance," and thus, plaintiff's motion to remand was denied and the store manager was dismissed from the case.

*Woodard* is on all fours with this case. Like the manager there, Ms. Ely had no affiliation with the subject restaurant on the date of the incident. (Exhibit B, ¶ 3). On the date of the incident, Ms. Ely did not direct or control any individual working at the Marshalls retail store, and she did not occupy, inspect, repair, or maintain any portion of the Marshalls retail store. (Exhibit B, ¶ 4-6).

Plaintiff cannot establish a claim against Wendy Ely; therefore, she has been fraudulently joined to the case. Accordingly, like the District Court in *Woodard*, this Court must ignore her citizenship for purposes of analyzing diversity. See *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (One way fraudulent joinder is present is when there is no possibility that the plaintiff can prove a cause of action against the non-diverse defendant).

6.      Plaintiff is a citizen of the State of Georgia.

7.     After disregarding Wendy Ely when considering whether complete diversity exists, the Court is left with the Georgia citizen Plaintiff, and Massachusetts and Delaware Citizen The TJX Companies, Inc. Therefore, complete diversity exists, and this case is properly removed.

8.     The action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by Defendant pursuant to the provisions of 28 USC §§ 1332 and 1441 et seq., in that there is complete diversity among the parties and Defendant is not a resident of the State of Georgia, the Parties are not residents of the same State, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. Though the complaint does allege some special damages, it does not specifically itemize all damages at issue in the case.

"[R]emoval from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) A Defendant seeking removal must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000.00 jurisdictional amount. *Standridge v. Wal-Mart Stores, Inc.*,

945 F. Supp. 252, 256 (N.D. Ga. 1996). When deciding whether the amount in controversy has been satisfied, the District Court can use its judicial experience and common sense. *Roe v. Michelin North America, Inc.*, 613 F. 3d. 1058, 1064 (11th Cir. 2010).

In Plaintiff's Complaint, she claims she "sustained serious and painful injuries" to her left hip, knee, ankle, foot, and low back. (Exhibit A, pp. 3). Plaintiff claims she has incurred past medical expenses "in excess of $32,238.61." (Exhibit A, pp. 3). Plaintiff's case is based on negligence, gross negligence, and reckless conduct. (Exhibit A, pp. 3-4). She also raises punitive damages claims. (Exhibit A, pp. 3-4). She further claims that she incurred an unspecified amount of damages for pain and suffering, lost wages, and loss of consortium. (Exhibit A, pp. 3-4).

Additionally, Plaintiff made a demand to Defendant on November 23, 2015, outlining the underlying facts, including Plaintiff's medical treatment and bills. (Exhibit D, generally). The demand letter outlines all the facts relevant to Plaintiff's alleged injury and medical treatment. (Exhibit D, pp. 1-3). Further, Plaintiff's counsel described the treatments in detail, and gave an itemized list of medical bills by provider and type of treatment. (Exhibit D, pp. 2-4). Plaintiff concluded the letter demanding a total sum of "One Hundred Twenty Thousand Dollars ($120,000.00)" to settle the case. (Exhibit D, p. 4). This demand letter is sufficient "other paper" in possession of TJX at the time of removal.

Page 2

Accordingly, based on the damages Plaintiff is seeking in this case, it is clear the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9.  Defendant attaches hereto a copy of the Summons and Complaint in the State Court of Fulton County, Georgia.  (Exhibit A).

10.  Defendant attaches hereto a copy of Defendant's Notice of Removal filed in the State Court of Fulton County, Georgia.  (Exhibit C).

11.  This action is currently pending in the State Court of Fulton County, Georgia, which is within the jurisdiction of the Northern District of Georgia, Atlanta Division.  28 U.S.C.A. § 1446(a).

12.  All Defendants who have been served consent to this removal.

This 20th day of September, 2021.

> Goodman McGuffey LLP
> Attorneys for The TJX Companies, Inc.
> and Wendy Ely
>
> By:   /s/  Robert E. Noble, III
>       ROBERT A. LUSKIN
>       GA Bar No.  004383
>       rluskin@GM-LLP.com
>       ROBERT E. NOBLE, III
>       GA Bar No.  261331
>       rnoble@GM-LLP.com
>       3340 Peachtree Road NE, Suite 2100
>       Atlanta, GA 30326-1084
>       (404) 264-1500 Phone
>       (404) 264-1737 Fax

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TRACIE VANDER VEN and DEREK VANDER VEN, <br><br> Plaintiffs, <br><br><br> v. <br><br> THE TJX COMPANIES, INC. d/b/a MARSHALLS and HOMEGOODS and WENDY ELY, <br><br> Defendants. | Civil Action File No.: |

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed this Petition for Removal with the

Clerk of Court using the CM/ECF system which will automatically send e-mail

notification of such filing to the following attorneys of record:

Jonathan P. Sexton, Esq.
Jacob A. Weldon
Sexton Law Firm, LLC
124 Atlanta Street
McDonough, GA 30253
jsexton@sextonlawfirm.com
jacob@sextonlawfirm.com


This 20th day of September, 2021.

*/s/  Robert E. Noble, III*

ROBERT E. NOBLE, III
GA Bar No. 261331
rnoble@GM-LLP.com
Goodman McGuffey LLP
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax