# EXHIBIT A

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-05767-S4**
**8/4/2021 11:29 AM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

# TRACIE VANDER VEN

# and

# DEREK VANDER VEN

CIVIL ACTION **21-C-05767-S4**
NUMBER:_____

PLAINTIFF

VS.

# THE TJX COMPANIES, INC. d/b/a

# MARSHALLS AND HOMEGOODS,

# and WENDY ELY

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:** **Wendy Ely, 1625 Bass Rd, Macon, GA 31210**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Jacob A. Weldon
124 Atlanta Street,
McDonough, GA 30253

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **4th** day of **August** , 20 **21** .

Tiana P. Garner
**Clerk of State Court**

By_____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

Copy from re:SearchGA

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-05767-S4
8/4/2021 11:29 AM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**TRACIE VANDER VEN**

**and**

**DEREK VANDER VEN**

PLAINTIFF

CIVIL ACTION **21-C-05767-S4**
NUMBER:_____

VS.

**THE TJX COMPANIES, INC. d/b/a**

**MARSHALLS AND HOMEGOODS,**

**and WENDY ELY**

DEFENDANT

## SUMMONS

**The TJX Companies, Inc., c/o C T Corporation System**
TO THE ABOVE NAMED DEFENDANT: **289 S Culver Street, Lawrenceville, GA, 30046-4805**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Jacob A. Weldon
124 Atlanta Street,
McDonough, GA 30253

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **4th** day of **August**, 20**21**.

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

Copy from re:SearchGA

SHERIFF'S ENTRY OF SERVICE

01. 25.20   modos?

| | |
|---|---|
| Civil Action No. **21-C-05767-S4** | Superior Court ☐  Magistrate Court ☐ |
| | State Court ☒  Probate Court ☐ |
| | Juvenile Court ☐ |
| Date Filed **08/04/2021** | Georgia, **Gwinnett** COUNTY |

**Tracie Vander Ven and**

Attorney's Address

**Jacob A. Weldon, Esq.**
**Sexton Law Firm, LLC**
**124 Atlanta Street**
**McDonough, GA 30253**

81778

**Derek Vander Ven**
_____ Plaintiff

VS.

Name and Address of Party to Served

**Wendy Ely**

**The TJX Companies, Inc. d/b/a**
**Marshalls and Home Goods, and**
**Wendy Ely**
_____ Defendant

**1625 Bass Road** (MARSHALL'S + HOME GOODS)

**Macon, GA 31210**

_____ Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
I have this day served the defendant    Wendy Ely    personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant _____ a corporation

☐ by leaving a copy of the within action and summons with _____
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This 27th day of Aug , 20 21 .

Jeff Monroe #1193

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-05767-S4**
**8/4/2021 11:29 AM**
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| TRACIE VANDER VEN and<br>DEREK VANDER VEN<br><br>     Plaintiff,<br><br>vs.<br><br>THE TJX COMPANIES, INC. d/b/a<br>MARSHALLS and HOMEGOODS and<br>WENDY ELY<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **21-C-05767-S4**<br><br>CIVIL FILE ACTION<br>NO.: _____<br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW,** Plaintiffs, Tracie Vander Ven and Derek Vander Ven, and bring this cause of action against the Defendant as follows:

1.      Plaintiffs are residents of the State of Georgia.

2.      Defendant, The TJX Companies, Inc., d/b/a Marshall's and HomeGoods is a foreign for-profit corporation that is registered to do business in this State. The Defendant has appointed C T Corporation Company, 289 S. Culver St., Lawrenceville, Gwinnett County, Georgia 30046-4805, as its registered agent for service of process and the Defendant can be served at that address.

3.      Defendant, The TJX Companies, Inc., hereinafter "TJX", is subject to the jurisdiction and venue of this Court pursuant to OCGA § 14-2-510 (b) (3) and may be personally served by delivery of Summons and Complaint to The C T Company at 289 S. Culver St., Lawrenceville, Gwinnett County, Georgia 30046-4805.

4.      Defendant, Wendy Ely is an individual who is an employee of TJX. She may be served personally by deliver of the summons and complaint at her place of business to wit: Marshalls & HomeGoods, 1625 Bass Rd, Macon, GA 31210.

5.      Defendants are subject to the jurisdiction and venue of this Honorable Court.

6.      Defendant TJX owns and operates a store located at 1625 Bass Rd, Macon, GA 31210.

7.      Defendant TJX is liable pursuant to the doctrine of respondeat superior for the acts and omissions of its employees.

8.      Defendant Wendy Ely, manager of the subject store is and was at all times relevant hereto responsible for inspection and maintenance of the store including keeping the premises and approaches of dangerous conditions on its premises including the supervision of those under his authority who were charged with doing same.

9.      On 25 January 2020, Plaintiff Tracie Vander Ven was a customer and invitee at the Defendant's Marshalls & HomeGoods store at 1625 Bass Rd, Macon, GA 31210.

10.     She was shopping with her mother and husband, Plaintiff Derek Vander Ven, when she suddenly slipped on a slippery substance in the checkout aisle and fell to the floor, injuring her left hip, knee, ankle, and foot as well as her back.

11.     When Plaintiff, Derek Vander Ven helped his wife off of the floor, she had a creamy white substance all over the back of her pants, shirt, and shoes.

12.     The location of Plaintiff's fall was in view of TJX employees before, during, and after her fall as it was in the aisle along which the cashiers are situated at the front of the store between the two entry and exit doors.

13.     At all relevant times, the Plaintiff exercised ordinary care for her own safety.

14.     At all relevant times, the Defendants owed a legal duty under O.C.G.A. § 51-3-1 of ordinary care to invitees to inspect and keep the premises and approaches in a safe condition.

15.     At all relevant times, Defendants TJX and Wendy Ely negligently, carelessly, and recklessly failed to inspect, maintain, or secure the area after learning of a dangerous condition,

and failed to warn Mrs. Vander Ven, who did not have knowledge of the hazardous condition that caused her injuries.

16.    At all relevant times, Defendants TJX and Wendy Ely had actual or constructive knowledge of the hazardous condition and could have prevented Mrs. Vander Ven's injuries, as indicated by security video in the possession of the Defendant TJX.

17.    Defendants were grossly negligent in failing to supervise the area after learning of the dangerous condition and leaving it unmarked with no warning to invitees.

18.    As a direct and proximate result of the Defendants' grossly negligent, careless, and reckless acts and omissions, Mrs. Vander Ven sustained serious and painful injuries, including but not limited to injuries to her left hip, knee, ankle, foot, and low back, all of which have required medical treatment in an effort to alleviate her painful symptoms.

19.    Defendant's gross recklessness and total disregard for its customers' safety and well-being, including Mrs. Vander Ven, in failing to secure the area where the substance was spilt justifies an award of punitive damages to be determined by the enlightened conscience of the jury.

20.    As a result of the Defendants' negligence and reckless conduct, the Plaintiff has incurred past medical expenses in excess of $32,238.61. Additionally, due to the injuries she sustained from the fall caused by the Defendants' negligence, the Plaintiffs incurred lost wages in an amount to be determined by the enlightened conscience of the jury.

21.    Plaintiff, Derek Vander Ven is the spouse of Tracie Vander Ven. As a result of the Defendants' conduct, Mrs. Vander Ven was, for a time, unable to provide her spouse with the same love, affection, companionship, comfort, support, or relationship that was provided before her fall. There are still certain activities which Mrs. Vender Ven struggles to perform or requires

additional assistance to accomplish due to the decreased mobility she suffers as a result of this incident.

**WHEREFORE,** the Plaintiffs, Tracie and Derek Vander Ven, pray for judgment against the Defendants as follows:

(a)   That the Complaint for Damages be issued and served upon the Defendants;

(b)   That the Defendants appear and answer the Complaint for Damages;

(c)   That a Judgment be entered in favor of the Plaintiffs and against the Defendants for her injuries, physical and emotional pain and suffering, impairment, lost wages, and loss of consortium in an amount to be determined by an enlightened conscience of an impartial jury;

(d)   That the Plaintiffs be awarded payment of past, present and future medical expenses;

(e)   That punitive damages be awarded against the Defendants for their gross and reckless negligent acts or omissions in this case;

(f)   That there be a trial by jury; and

(g)   That this Court enters such other and further relief as it may deem just and proper.

Respectfully Submitted, this 4th day of August 2021.

SEXTON LAW FIRM, LLC.
124 Atlanta Street
McDonough, GA 30253
(770) 474-9335
jacob@sextonlawfirm.com
jsexton@sextonlawfirm.com

/s/Jacob A. Weldon
JACOB A. WELDON, Bar No. 966930
/s/ Jonathan P. Sexton
JONATHAN P. SEXTON, Bar No. 636486

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

21-C-05767-S4

8/4/2021 11:29 AM
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of <u>Gwinnett</u> County

| For Clerk Use Only | |
|---|---|
| Date Filed _____ <br> **MM-DD-YYYY** | Case Number **21-C-05767-S4** <br> _____ |

**Plaintiff(s)**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Vander Ven | Tracie | J | | |
| Vander Ven | Derek | P | | |
| | | | | |
| | | | | |

**Defendant(s)**

THE TJX COMPANIES, INC d/b/a MARSHALLS HOMEGOODS

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| ELY | WENDY | | | |
| | | | | |
| | | | | |
| | | | | |

**Plaintiff's Attorney** Jacob A. Weldon     **Bar Number** 966930     **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☒ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____         _____
**Case Number**              **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-05767-S4**
**8/4/2021 11:29 AM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| TRACIE VANDER VEN and<br>DEREK VANDER VEN | )<br>)<br>) |
| Plaintiff, | )<br>) **21-C-05767-S4**<br>) |
| vs. | ) CIVIL FILE ACTION<br>) NO.: _____<br>) |
| THE TJX COMPANIES, INC. d/b/a<br>MARSHALLS and HOMEGOODS and<br>WENDY ELY | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

### PLAINTIFFS' FIRST CONTINUING INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WENDY ELY

COME NOW Plaintiffs in the above-styled case and, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, and other applicable portions of the Civil Practice Act, require the defendant to answer under oath the following interrogatories within the time provided by law and to furnish a copy of said answers to plaintiffs' attorney at SEXTON LAW FIRM, LLC., 124 Atlanta Street, McDonough, GA 30253.

NOTE A:  When used in these interrogatories, the term "defendant(s)," or any synonym thereof, is intended to and shall embrace and include, in addition to said defendant(s), counsel for defendant(s) and all agents, servants, employees, representatives, private investigators, and others who are in possession of or may have obtained information for or on behalf of the defendant(s) to whom the interrogatories are directed.

NOTE B:  These interrogatories shall be deemed continuing, and supplemental answers shall be required if the defendant(s), directly or indirectly, obtains further information of the nature sought after answers are initially served.

NOTE C:  Reference to the term "identify" or "identity" means:

(a)  When in these interrogatories you are requested to "identify" or to state the "identity" of a person or persons, such request, in each instance, shall be understood to seek the following information with respect to each such person or persons: Name, last known address, home telephone number, business telephone number, place of employment, job title or capacity, and present whereabouts;

(b)  When in these interrogatories you are requested to "identify" or to state the "identity" of a corporation, such request, in each instance, shall be understood to seek the following information with respect to each such corporation: the full and correct registered name, state of incorporation, principal place of business, and dates of existence;

(c)  When in these interrogatories you are requested to "identify" or to state the "identity" of a partnership or other business entity, such request, in each instance, shall be understood to seek the following information with respect to each such partnership or business entity: the name of the partnership or entity, the principal place of business and the dates of operation; and

(d)  When in these interrogatories you are requested to "identify" or to state the "identity" of a document, such request, in each instance, shall be understood to seek the following information with respect to each such document:  a description of the document, including the nature and content thereof, the date thereof, the name and address of the author(s) and recipient(s) thereof, and the person or entity having present custody thereof. Whenever it is requested that a person or persons be identified, the full name, current address and past and present relationship(s) with the answering defendant should be stated.   When a "document" is referred to in these interrogatories it means all written or printed matter of any kind, including but not limited to legal documents, letters, memoranda, business records, interoffice communications, and data stored

electronically, which are in the possession or control of the answering party.

(e)  If a claim of privilege is asserted concerning any information sought, identify as to each privileged communication:

(i)  its date, (ii) its author(s) and the business title or position of its author(s), (iii) its recipient(s) and the business title or position of its recipient(s), (iv) the number of pages if in writing, (v) the subject matter of the communication, and (vi) the basis of the claimed privilege.

NOTE D:  In answering each interrogatory: (i) State whether the answer is within the personal knowledge of the person answering the interrogatory and, if not, the identity of each person known to have personal knowledge of the answer, and (ii) Identify each document that was used in any way to formulate the answer.

NOTE E:  The term "occurrence" specifically refers to an incident which occurred on 25 January 2020 in which Plaintiff Tracie Vander Ven was injured on Defendant's premises located at 1625 Bass Rd, Macon, GA 31210 and which incident is the basis of the complaint in the above styled action.

NOTE F:   When used in these interrogatories, a "communication" means all oral conversations, discussions, letters, telegrams, memoranda, and any other transmission of information in any form, both oral and written.

## **INTERROGATORIES**

1.      Please identify the address for every location you have resided over the past 2 years and the dates which you resided at those locations.

2.      Please state the reason for your transfer or move from each of your previous residences for the past 2 years.

3.   Please state what, if any, disciplinary actions were take by you or any Marshalls / HomeGoods personnel related to the incident alleged in the complaint.

4.   Please state what, if any, disciplinary actions were taken against you or any Marshalls / HomeGoods personnel related to the incident alleged in the complaint.

5.   With regard to each request for admission served upon you by the Plaintiffs which you do not fully admit, without reservation or qualification, please state for each such request:

     a.   Every fact which you contend supports your denial, partial denial, or qualified admission;

     b.   The identity of every person or entity who you contend has knowledge of the facts upon which the denial, partial denial or qualified admission is based, giving a summary of the information he, she or it has; and,

     c.   The identity of every document or tangible item which you contend supports or pertains to your denial, partial denial, or qualified admission.

6.   Please identify all persons, including any party, who was an eyewitness, or claims to be an eyewitness, to the incident in this case.  For each person identified, please include the full name, present or last known residence address, present or last known employment or business address (including the name of the business and the position held), and the present or last known business and residence telephone numbers.

7.   With respect to each person identified in response to Interrogatory # 6 above, please provide to the best of your knowledge, information and/or belief a summary of the facts known to that person.

8.      Please identify any and all other similar incidents and allegations for which a visitor or employee has made a claim against you or Marshalls / HomeGoods related to injuries suffered at the subject property, occurring in the four (4) years prior to Plaintiff's fall.

9.      Please identify any and all other similar incidents and allegations for which you or another manager of the subject store have prepared an incident report concerning a visitor or employee who has been injured at the subject property, occurring in the last four (4) years.

10.     Please state with particularity each and every other similar incident which occurred at the subject location prior to Plaintiff's fall, while you were the General Manager or otherwise employed by Marshalls / HomeGoods.

11.     Please state with particularity, any other similar incidents which you are familiar with that have occurred at other Marshalls / HomeGoods facilities.

12.     Please state with particularity any procedures or precautions, if any, that were in place to prevent slip and falls from occurring on the premises and who, if anyone, was responsible for mandating and implementing these measures.

13.     Please state with particularity any procedures or precautions, if any, that were in place to prevent invitees or others from creating hazardous conditions at the time of the incident alleged in the complaint and who, if anyone, was responsible for mandating and implementing these measures.

14.     Please state what, if any, policies or procedures were in place at the time that, if they had been observed or followed, would have prevented the Plaintiff's injuries.

15.     To your knowledge, information or belief, are there any photographs, videos, depictions, or drawings of the Marshalls / HomeGoods Store located at 1625 Bass Rd, Macon, GA 31210, the scene of the incident, or the Plaintiff's injuries?  If so, describe each such photograph, video or

drawing giving the form (whether photographic print, transparency, diagram, plat, etc.), the approximate date made, the subject, the name of the person making the photograph or diagram and the present location and name of the person having custody and control thereof.

16.     Please identify how many Marshalls / HomeGoods security cameras captured the Plaintiff's fall on 25 January 2020 and which of them were preserved and the reason for their preservation.

17.     If any videos were not preserved, please state with particularity the reason why any videos which may have recorded the incident were not preserved.

18.     Please list the name(s) of all persons who examined security and/or surveillance videos after the incident alleged in the Plaintiff's Complaint to investigate the Plaintiff's claims and the date(s) and time(s) of each examination.

19.     Please identify each and every person, whether an agent, servant, employee, private investigator, claims adjuster, or other representative, who participated in any way in any investigation conducted by you or on your behalf regarding the claims set forth in Plaintiff's Complaint.  For each person identified, please include their full name, present or last known residence address, present or last known employment or business address (including the name of the business and the position held), and the present or last known business and residence telephone numbers.

20.     Please identify each individual who cleaned and/or maintained, or was responsible for cleaning and/or maintaining, the area where the incident alleged in the Plaintiff's Complaint occurred and whether these person(s) employees or agents of Defendant Marshalls / HomeGoods?  If not, please identify what entity employed them at the time of the Plaintiff's fall.

21.     Please identify who was responsible for ensuring that the premises were clean and free of hazardous conditions at the location where Plaintiff's fall occurred.

22.     Please identify each and every document that you withhold under claim of privilege, confidentiality, relevance, or for any other objection or reason, and identify the basis for withholding each such document.

23.     Identify the person or persons responding to this discovery, plus all individuals who have provided assistance in responding to the Plaintiff's First Continuing Interrogatories and Requests for Production of Documents.

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

1.     Please produce each and every document consulted, referred to and/or identified by you or others on your behalf in answering any of the Plaintiff's Requests for Admission and Interrogatories.

2.     All correspondence sent to and/or received from the Plaintiff.

3.     Each and every document, tangible object, or other item of real, demonstrative or documentary evidence which provides any and all factual support for each defense asserted by you in your Answer to Plaintiff's Complaint.

4.     Please produce each and every photograph, diagram, sketch, transparency, and/or drawing of any person, party, vehicle, scene, or any other object or thing which relates to the incident that is the subject of the Complaint in this action.

5.     Please produce any and all documents in your possession or control which related to Interrogatories # 3 and 4 - pertaining to disciplinary actions taken.

6.     Please produce documentation to prove your residence at all times from 24 January 2020 to the present.

- 7 -

7.    Please produce each and every document comprising a report made by any person, firm, association or other entity (including insurance adjusters and management) that was produced as a result of Plaintiff's fall on 25 January 2020.

8.    All documents that discuss, review, explain, outline, and/or define the procedure(s) for reporting, taking and/or filing incident reports, effective after the date of the subject incident.

        This 4th day of August 2021.


SEXTON LAW FIRM, LLC                          /s/Jacob A. Weldon
124 Atlanta Street                            Jonathan P. Sexton, Bar No. 636486
McDonough, GA 30253                           Jacob A. Weldon, Bar No. 966930
770-474-9335 / 866-529-0828 fax               *Attorneys for Plaintiffs*
jsexton@sextonlawfirm.com
jacob@sextonlawfirm.com

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-05767-S4**
**8/4/2021 11:29 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| TRACIE VANDER VEN and<br>DEREK VANDER VEN<br><br>    Plaintiff,<br><br>vs.<br><br>THE TJX COMPANIES, INC. d/b/a<br>MARSHALLS and HOMEGOODS and<br>WENDY ELY<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**21-C-05767-S4**

CIVIL FILE ACTION
NO.: _____

## PLAINTIFFS' FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT WENDY ELY

**COME NOW** Plaintiffs, Tracie Vander Ven and Derek Vander Ven (hereinafter referred to as "Plaintiffs) and hereby requests that Defendant Wendy Ely (hereinafter "Defendant") admit for the purpose of this action the truth of the following facts within the time prescribed by law following the date of service hereto and in conformity with O.C.G.A. § 9-11-36.

## INSTRUCTIONS

[1]     If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter.

[2]     If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications.

[3]     You may not give lack of information or knowledge as a reason for failure to admit or deny Requests to Admit, unless you state that you have made a reasonable inquiry and that the information known or readily obtainable is insufficient to enable you to answer.

[4]     The Plaintiff further advises you that if you fail to admit the truth of any matter as requested in the Requests for Admissions, and if the Plaintiff thereafter proves the truth of the

matter, the Plaintiff will apply to the Court for an Order requiring you to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

## **REQUESTS FOR ADMISSION**

1.    Please admit that on the date of the incident alleged in the Plaintiff's Complaint (25 January 2020), you were the general manager of the Marshalls / HomeGoods Store located at 1625 Bass Rd, Macon, GA 31210.

2.    Please admit that the Plaintiff, Tracie Vander Ven, was injured within the Marshalls / HomeGoods store located at 1625 Bass Rd, Macon, GA 31210 on 25 January 2020.

3.    Please admit that at the time of the Plaintiff's fall on the date of the incident alleged in the Complaint, the Plaintiff was an invitee of the Marshalls / HomeGoods store.

4.    Please admit that the Plaintiff was injured due to a hazardous condition that existed on the subject premises at the time of the incident alleged in Plaintiff's Complaint.

5.    Please admit that a hazardous condition existed on the subject premises in the area of the Plaintiff's incident on the date of the incident alleged in the Plaintiff's Complaint.

6.    Please admit that you, as general manager, by and through those under your supervision at the subject property, were under a duty to mitigate potential injuries that could occur as a result of the condition that existed at the time of the Plaintiff's fall.

7.    Please admit that you, by and through those under your supervision at the subject location, had actual knowledge of the hazardous condition that caused the Plaintiff to fall.

8.    Please admit that you, by and through those under your supervision at the subject location, had constructive knowledge of the hazardous condition that caused the Plaintiff to fall.

9.    Please admit that on the date of the incident alleged in the Complaint, the area where the Plaintiff fell was included within a designated area for inspection by employees of the store.

10.     Please admit that on the date of the incident alleged in the Complaint, those under your supervision had actual knowledge of the potential for the hazardous condition that existed in the area where the Plaintiff was injured at the subject property prior to the incident.

11.     Please admit that on the date of the incident alleged in the Complaint, Marshalls / HomeGoods employees under your supervision had constructive knowledge of the potential for such hazardous conditions existed in the area where the Plaintiff was injured at the subject property.

12.     Please admit that there were no signs or warnings posted in the area where the Plaintiff slipped, fell, and was injured.

13.     Please admit that Plaintiff had no knowledge of the hazardous condition that caused the Plaintiff to slip and fall.

14.     Please admit that at least one Marshalls / HomeGoods employee observed the Plaintiff after the incident alleged in the Plaintiff's Complaint.

15.     Please admit that at least one Marshalls / HomeGoods employee was on the same aisle where the Plaintiff slipped and fell over 20 minutes prior to the incident alleged in the Plaintiff's Complaint.

16.     Please admit that Marshalls / HomeGoods employees had direct observation of the area before, during, and after Plaintiff's fall.

17.     Please admit that, immediately following the fall, the Plaintiff complained of having been injured as a result of the slip and fall on the premises.

18.     Please admit that the Plaintiff was injured as a result of slipping and falling at the subject premises.

- 3 -

19.     Please admit that, on the date of the incident alleged in the Complaint, Marshalls / HomeGoods had written policies, procedures and/or guidelines for inspecting and maintaining the subject property.

20.     Please admit that Marshalls / HomeGoods employees did not follow proper protocol, pursuant to Marshalls / HomeGoods policies, in marking and cleaning the spill prior to the Plaintiff's fall.

21.     Please admit that you received an anti-spoliation letter regarding this incident on 4 February 2020.

22.     Please admit that as general manager, you had a duty, personally or through those you supervised, to inspect the premises for dangerous conditions.

23.     Please admit that nothing was done to correct the dangerous condition during the 15 minutes or more that the condition existed prior to Plaintiff's slip and fall.

This 4th day of August 2021.

Respectfully submitted,

SEXTON LAW FIRM, LLC
124 Atlanta Street
McDonough, GA 30253
770-474-9335 / 866-529-0828 fax
jsexton@sextonlawfirm.com
jacob@sextonlawfirm.com

/s/ Jacob A. Weldon
Jonathan P. Sexton, Bar No. 636486
Jacob A. Weldon, Bar No. 966930
Attorneys for Plaintiffs

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-05767-S4**
**8/4/2021 11:29 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| TRACIE VANDER VEN and<br>DEREK VANDER VEN | )<br>)<br>) |
| Plaintiff, | )    **21-C-05767-S4**<br>)<br>)    CIVIL FILE ACTION |
| vs. | )    NO.: _____<br>) |
| THE TJX COMPANIES, INC. d/b/a<br>MARSHALLS and HOMEGOODS and<br>WENDY ELY | )<br>)<br>) |
| Defendant. | )<br>) |

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES
### AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
### THE TJX COMPANIES, INC.

COME NOW Plaintiff in the above-styled case and, pursuant to O.C.G.A. §§ 9-11-33 and

9-11-34, and other applicable portions of the Civil Practice Act, require the defendant to answer

under oath the following interrogatories within the time provided by law and to furnish a copy of

said answers to plaintiffs' attorney at SEXTON LAW FIRM, LLC., 124 Atlanta Street,

McDonough, GA 30253.

NOTE A:    When used in these interrogatories, the term "defendant(s)," or any

synonym thereof, is intended to and shall embrace and include, in addition to said defendant(s),

counsel for defendant(s) and all agents, servants, employees, representatives, private

investigators, and others who are in possession of or may have obtained information for or on

behalf of the defendant(s) to whom the interrogatories are directed.

NOTE B:    These interrogatories shall be deemed continuing, and supplemental

answers shall be required if the defendant(s), directly or indirectly, obtains further information of

the nature sought after answers are initially served.

<u>NOTE C</u>:        Reference to the term "identify" or "identity" means:

(a) When in these interrogatories you are requested to "identify" or to state the "identity" of a <u>person</u> or <u>persons</u>, such request, in each instance, shall be understood to seek the following information with respect to each such person or persons: Name, last known address, home telephone number, business telephone number, place of employment, job title or capacity, and present whereabouts;

(b) When in these interrogatories you are requested to "identify" or to state the "identity" of a <u>corporation</u>, such request, in each instance, shall be understood to seek the following information with respect to each such corporation: the full and correct registered name, state of incorporation, principal place of business, and dates of existence;

(c) When in these interrogatories you are requested to "identify" or to state the "identity" of a <u>partnership</u> or <u>other business entity</u>, such request, in each instance, shall be understood to seek the following information with respect to each such partnership or business entity: the name of the partnership or entity, the principal place of business and the dates of operation; and

(d) When in these interrogatories you are requested to "identify" or to state the "identity" of a <u>document</u>, such request, in each instance, shall be understood to seek the following information with respect to each such document:  a description of the document, including the nature and content thereof, the date thereof, the name and address of the author(s) and recipient(s) thereof, and the person or entity having present custody thereof. Whenever it is requested that a person or persons be identified, the full name, current address and past and present relationship(s) with the answering defendant should be stated.   When a "document" is referred to in these interrogatories it means all written or printed matter of any kind, including but not limited to legal documents, letters, memoranda, business records, interoffice

communications, and data stored electronically, which are in the possession or control of the answering party.

(e)  If a claim of privilege is asserted concerning any information sought, identify as to each privileged communication:

(i)  its date, (ii) its author(s) and the business title or position of its author(s), (iii) its recipient(s) and the business title or position of its recipient(s), (iv) the number of pages if in writing, (v) the subject matter of the communication, and (vi) the basis of the claimed privilege.

NOTE D:  In answering each interrogatory: (i) State whether the answer is within the personal knowledge of the person answering the interrogatory and, if not, the identity of each person known to have personal knowledge of the answer, and (ii) Identify each document that was used in any way to formulate the answer.

NOTE E:The term "occurrence" specifically refers to an incident which occurred on 25 January 2020 in which Plaintiff Tracie Vander Ven was injured on Defendant's premises located at 1625 Bass Rd, Macon, GA 31210 and which incident is the basis of the complaint in the above styled action.

NOTE F:   When used in these interrogatories, a "communication" means all oral conversations, discussions, letters, telegrams, memoranda, and any other transmission of information in any form, both oral and written.

## INTERROGATORIES

1.     With regard to each request for admission served upon you by the Plaintiffs which you do not fully admit, without reservation or qualification, please state for each such request:

    a. Every fact which you contend supports your denial, partial denial, or qualified admission;

    b. The identity of every person or entity who you contend has knowledge of the facts upon which the denial, partial denial or qualified admission is based, giving a summary of the information he, she or it has; and,

    c. The identity of every document or tangible item which you contend supports or pertains to your denial, partial denial, or qualified admission.

2. Please identify each and every document that you withhold under claim of privilege, confidentiality, relevance, or for any other objection or reason, and identify the basis for withholding each such document.

3.     Please identify the full and correct legal names of the owner and also the operator of the Marshalls & HomeGoods located at 1625 Bass Rd, Macon, GA 31210, including names and addresses, on the date of the subject incident and as of today. If these are two different persons or entities, please clarify which one was the owner and which one was the operator.

4. Please provide the full name, date of birth, last known address, phone number, and employment status of the general manager of the Marshalls & HomeGoods located at 1625 Bass Rd, Macon, GA 31210 on January 25, 2020.

5. Identify the person or persons responding to this discovery, plus all individuals who have provided assistance in responding to the Plaintiff's First Continuing Interrogatories and Requests for Production of Documents.

6. If you contend that the Plaintiffs have brought this action against the wrong entity due to a misnomer or for any other reason, please state the complete name of the correct defendant for this action and why this is the wrong entity, and further state whether you will accept service of an amended Summons and Complaint reflecting the information furnished by you in response to this Interrogatory.

7. With particularity sufficient to satisfy O.C.G.A. § 9-11-26(b)(2), please identify any policy or policies of liability insurance which would or might inure to the benefit of the Plaintiff by providing payment of a part of, or all of any judgment rendered in favor of the Plaintiff against the Defendant or against any other person, firm or corporation which is or may be liable to Plaintiff by reason of the incident described in the Plaintiff's Complaint.

8. Please identify all persons, including any party, whom you believe does have, or may have, any information of any kind about the incident in this case or any information pertaining to any issue of liability or damages in this case.  For each person identified, please include the full name, present or last known residence address, present or last known employment or business address (including the name of the business and the position held), and the present or last known business and residence telephone numbers.

9. Please identify all persons, including any party, who was an eyewitness, or claims to be an eyewitness, to the incident in this case.  For each person identified, please include the full name, present or last known residence address, present or last known employment or business address (including the name of the business and the position held), and the present or last known business and residence telephone numbers.

10. With respect to each person identified in response to Interrogatories 9 and 10 above, please provide to the best of your knowledge, information and/or belief a summary of the facts known to that person.

11. Please identify all persons who have furnished statements, whether recorded or written, signed or unsigned, to you, your representative, your insurance company, or attorney that in any way relate to the subject incident. For each person identified, please describe each statement given, including the date it was given, the name of the person(s) present when made, the form (whether oral, written, recorded, etc.), the subject of the statement, the present location of the statement, and the person having custody and control thereof.

12. State each and every fact upon which you reply for each affirmative defense in your Answer to the Plaintiff's Complaint.

13. To your knowledge, information or belief, are there any photographs, videos, depictions, or drawings of the Marshalls & HomeGoods located at 1625 Bass Rd, Macon, Georgia 31210, the scene of the incident, or the Plaintiff's injuries? If so, describe each such photograph, video or drawing giving the form (whether photographic print, transparency, diagram, plat, etc.), the approximate date made, the subject, the name of the person making the photograph or diagram and the present location and name of the person having custody and control thereof.

14. Identify by location, camera number, or other specific means, all security and/or surveillance cameras that captured any image of Plaintiff at any time during January 25, 2020, including, but not limited to, the area in which the incident alleged in the Plaintiff's Complaint occurred.

15.     Identify by location, camera number, or other specific means, all security and/or surveillance cameras that captured any image of the area where the subject incident occurred on 25 January 2020.

16.     Please state the number of persons assigned to monitor the store cameras and who was responsible for monitoring the cameras viewing the location of Plaintiff's fall on 25 January 2020.

17.     Please list the name(s) of all persons who examined security and/or surveillance videos after the incident alleged in the Plaintiff's Complaint to investigate the Plaintiff's claims and the date(s) and time(s) of each examination.

18.     Please identify each and every person, whether an agent, servant, employee, private investigator, claims adjuster, or other representative, who participated in any way in any investigation conducted by you or on your behalf regarding the claims set forth in Plaintiff's Complaint.  For each person identified, please include their full name, present or last known residence address, present or last known employment or business address (including the name of the business and the position held), and the present or last known business and residence telephone numbers.

19.     Please state the name, address and telephone number of each and every expert who you expect to call as a witness at the trial of the case and with regard to such witness, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which said expert is expected to testify and a summary of the grounds for each opinion.

20.     Please identify all persons employed by you who:

       a.   Were working at the Marshalls & HomeGoods located at 1625 Bass Rd, Macon,

Georgia 31210, on 25 January 2020;

b.  Were responsible for inspecting, cleaning, and/or maintaining the area of the store where the incident alleged in the Plaintiff's Complaint occurred;

c.  Were responsible in the year prior to 25 January 2020, for inspecting and/or maintaining the area of the store where the incident alleged in the Plaintiff's Complaint occurred; and

d.  Served as a Store Manager of the subject property on 25 January 2020.

For each person identified, please include the full name, present or last known residence address, present or last known employment or business address (including the name of the business and the position held), and the present or last known business and residence telephone numbers.

21.     Please identify each individual who cleaned and/or maintained, or was responsible for cleaning and/or maintaining, the area where the incident alleged in the Plaintiff's Complaint occurred.  Were these person(s) employees or agents of Defendant Marshalls and HomeGoods? If not, please identify what entity employed them at the time of the Plaintiff's fall.

22. Identify each and every document, tangible object or other item of real, documentary or demonstrative evidence in your possession which relates to the subject incident and identify the person presently having possession, custody or control of each item listed.

23. Identify each and every document, tangible object or other item of real, documentary or demonstrative evidence in your possession which you allege supports your defenses and/or contentions in this case, and identify the person presently having possession, custody or control of each item listed.

- 8 -

24. Identify all oral or written communications (excluding privileged communications) between you and any person, including, but not limited to, the Plaintiff, which communications in any way reflect, refer, or relate to the subject incident.

25. If you contend that any party to this case, its agents or representatives, have made any admission(s) against interest with respect to the allegations contained in Plaintiff's Complaint, state with specificity and particularity all such admissions against interest, identify the maker of each such admission, identify the substance of each such admission, identify the date each such admission was made, and identify all persons who witnessed or who possess information regarding each such admission.

26. Do you contend that the injuries complained of in this case were caused by the negligence of any party other than Defendant TJX aka Marshalls and HomeGoods? If your answer is yes, please identify:

    a.   The party whom you contend was guilty of such negligence;

    b.   Every act of negligence which you claim was committed by such party or his agents and servants and which you contend proximately caused or contributed to the injuries complained of in this case;

    c.   Each and every fact and reason upon which you base your contentions; and

    d.   Each person who has any knowledge or information concerning each such fact.

27. Please identify each and every visitor or employee known to the Defendant who has been injured at the subject property at any time in the last four (4) years. For each person so identified, please state the following:

28. The exact location at the subject property where the individual was injured;

    a.   The cause of the injuries;

b.  Whether any incident report was prepared;

c.  The information contained in such incident report;

d.  The name, address, home telephone numbers, present place of employment, work telephone numbers, job titles, and present whereabouts of any and all persons having knowledge regarding said incidents.

29. Please identify any and all other similar incidents and allegations for which a visitor or employee has filed a <u>lawsuit</u> against the Defendant and related to injuries suffered at the subject property, occurring in the last four (4) years.

30. Please identify any and all other similar incidents and allegations for which a visitor or employee has filed an <u>insurance claim</u> against the Defendant and related to injuries suffered by visitors or employees at the subject property, occurring in the last five (5) years.

31. Please identify any and all other similar incidents and allegations for which you have prepared an incident report concerning a visitor or employee who has been injured at the subject property, occurring in the last five (5) years.

32. Identify any and all incident reports, memos, diary notes, investigation reports, safety committee meeting minutes and/or other documentary writings made by Defendant TJX aka Marshalls and HomeGoods concerning the incident at issue.

33. Please identify each and every document utilized by Defendant TJX / Marshalls and HomeGoods, including but not limited to, manuals, handbooks, written procedures, and/or training videos, that relates to any policy, procedure, custom and/or practice for the discovery, identification, repair, service, maintenance and/or warning of hazardous or dangerous conditions at the subject property in effect on 25 January 2020.

34. Please identify and describe any actions that you had undertaken to warn or to protect individuals, invitees, or licensees from dangerous and/or hazardous conditions that may have been present on the shelves of the subject property, such as, but not limited to, oral or written warnings, "caution signs," or barriers.

35. Did any of Defendant TJX / Marshalls and HomeGoods's employees, agents and/or management make an inspection for any hazard or dangerous condition of the area of the subject property where the incident alleged in the Plaintiffs' Complaint prior to or after the subject incident? If so, please identify the full name of the person who conducted the inspection, present or last known residence address, present or last known employment or business address (including the name of the business and the position held), and the present and last known business and residence telephone numbers of each person identified. In addition, please identify the type of inspection, the date and time of the inspection, the information obtained based on the inspection, any documents related to the inspection, and any action taken in response to the information gained during the inspection.

36. Please state whether there existed, prior to the incident which is the subject of the Plaintiff's Complaint, any procedure or program for regular inspection of the subject property by Defendant TJX / Marshalls and HomeGoods, its employees or agents, or someone acting on its behalf, which such procedure or program was designed to identify and/or discover and remove potential safety hazards to the users of the premises thereof. If so:

37. Provide a general description of each such procedure or program, including the identity of each person charged with the responsibility for implementing and conducting each such procedure or program;

38. State the regularity with which each such procedure or program was to be implemented or conducted, if applicable;

39. State whether the procedure(s) or programs(s) were carried out on the date of the subject incident, and if so, the times when each was started and completed; and

40. Identify, with particularity, all documents relating to each such procedure or program conducted that day and their findings, who had to sign them, when each document was completed, and identify the person(s) to whom the document was submitted to.

41. Please identify and describe any and all changes to Defendant TJX / Marshalls and HomeGoods's inspection and maintenance procedures that have been made since the date of the incident that forms the basis of the Plaintiff's Complaint.

42. Please identify and describe any and all alterations and/or modifications to the area of the Marshalls and HomeGoods where the Plaintiff fell, which have occurred since the date of the incident that forms the basis of the Plaintiff's Complaint.

43. Please identify each and every policy, procedure, custom and/or practice for the assistance, and aftercare, of an injured invitee or licensee at the subject property.

44. If you contend that Wendy Ely was not the general manager of the Marshall's HomeGoods store at 1625 Bass Road, Macon, Georgia 31210, on 25 January 2020, please provide the correct name, last known address, and phone number of the individual who was the general manager of the store at the time.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Please produce each and every document consulted, referred to and/or identified by you or others on your behalf in answering any of the Plaintiff's Requests for Admission and Interrogatories.

2. Please produce the following for every expert identified in your response to Interrogatory No. 19:

   a. A current, updated copy of each expert's resume or CV;

   b. A list of his/her trial and deposition testimony during the last five (5) years;

   c. All billing records in this case, including up-to-date payment record;

   d. Each expert's entire file in this case, including, but not limited to, all materials reviewed and considered, correspondence and e-mails to and from lawyers and anyone else in this case;

   e. Any and all documents, e-mails, photographs, or other tangible things provided to each expert by Plaintiff or Plaintiff's counsel relating in any way to this case;

   f. Any and all documents, e-mails, photographs, or other tangible things which each expert has read, reviewed, utilized, relied upon, or otherwise used in preparing any report(s) in this case;

   g. Any and all reports, correspondence, documents, e-mails, invoices, photographs, or other tangible things prepared by each expert relating in any way to this case;

   h. Any and all documents, articles, publications, studies, statutes, codes, and/or other literature that each expert believes to be important to his/her opinions in this case; and,

    i.  Any and all documents, e-mails, photographs, or other tangible things in each expert's possession which relates in any way to this case.

    j.  All correspondence sent to and/or received from the Plaintiff.

    k.  Each and every document, tangible object, or other item of real, demonstrative or documentary evidence which provides any and all factual support for each defense asserted by you in your Answer to Plaintiff's Complaint.

3. Please produce each and every photograph, diagram, sketch, transparency, and/or drawing of any person, party, vehicle, scene, or any other object or thing which relates to the incident that is the subject of the Complaint in this action.

4. Please produce all security and/or surveillance videos made of the Marshalls and HomeGoods Store located at 1625 Bass Road, Macon, Georgia 31210, on the date of the subject incident.

5. Please produce any surveillance photographs, movies or videos made of the Plaintiff.

6. Each and every insurance agreement under which any person carrying on an insurance business may be liable to you to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse you for any payments made to satisfy such judgment.

7. All documents relating to any controversy as to whether or not coverage is afforded to under any insurance agreements, including but not limited to any non-waiver agreements and reservation of rights letters.

8. Please produce any and all agreements between Defendant TJX / Marshalls and HomeGoods and any other individual or entity for inspection, maintenance and/or cleaning services at the

Marshalls and HomeGoods Store located at 1625 Bass Road, Macon, Georgia 31210, in the last four (4) years.

9. Please produce all documents you receive in response to any Non-Party Requests for Production of Documents in this action.

10. Please produce all documents you receive in response to any Subpoena for documents in this action.

11. Please produce each and every document comprising a report made by any person, firm, association or other entity (including insurance adjusters and management) that has conducted any investigation to determine any of the facts pertaining to any of the issues in this action.

12. Please produce each and every document relating to any written or recorded statement inquired about in Interrogatory No. 11 of the Plaintiff's First Continuing Interrogatories propounded to you.

13. All statements previously made by the Plaintiff concerning the subject matter of this action.

14. All documents that discuss, review, explain, outline, and/or define Defendant's procedure(s) for reporting, taking and/or filing incident reports, effective on the date of the subject incident.

15. All documents that discuss, review, explain, outline, and/or define Defendant's procedure(s) for reporting, taking and/or filing incident reports, effective after the date of the subject incident.

16. The safety policies, manuals, standards, guidelines, handbooks, memos and procedures effective on the date of the subject incident related to the Marshalls and HomeGoods Store located at located at 1625 Bass Road, Macon, Georgia 31210, including but not limited to

- 15 -

any references to procedures for inspection, cleaning and/or maintenance of the premises, including the area of the Plaintiff's fall.

17. The safety policies, manuals, standards, guidelines, handbooks, memos and procedures effective after the date of the subject incident related to the Marshalls and HomeGoods Store located at 1625 Bass Road, Macon, Georgia 31210, including but not limited to any references to procedures for inspection and/or maintenance of the premises, including the area of the incident alleged in the Plaintiff's Complaint.

18. Please produce an exact copy of all of your written rules, procedures, standards, guidelines, or policies relating to the discovery, identification, repair, and/or warning of hazards located on the premises of the subject property.

19. A blank copy of the incident report used by Defendant TJX / Marshalls and HomeGoods for documenting and reporting the Plaintiff's incident at the subject property on the date of the incident alleged in the Complaint.

20. A fully legible copy of the incident report completed by you and regarding the Plaintiff's incident at the subject property on the date of the incident alleged in the Complaint.

21. All written documents, notes, diaries, schedules, memos, minutes, computer documentation, etc., which evidence any inspections of the subject property for the one (1) year period preceding the date of the incident alleged in the Plaintiff's Complaint.

22. All written documents, notes, diaries, schedules, memos, minutes, computer documentation, etc., which evidence any inspections of the subject property for the one (1) year period following the date of the incident alleged in the Plaintiff's Complaint.

23. All written documents, notes, diaries, schedules, memos, minutes, computer documentation, etc., which evidence who was working at the time of the incident alleged in Plaintiff's Complaint.

24. Copies of all legal complaints filed against you in the last four (4) years concerning allegations of someone being injured at the subject property.

25. Copies of any and all letters, documents, incident reports, insurance claims, and/or emails concerning any allegation of an injury suffered at the subject property in the last four (4) years.

26. Copies of all documents exchanged with OSHA or any other regulatory agency in the last four (4) years concerning any complaints, allegations, incidents or investigations into allegations of someone being injured at the subject property.

27. Copies of all letters, documents, reports, invoices, service records and emails concerning incidents of injuries suffered on the subject property in the last four (4) years.

28. Copies of any depositions taken of any of your employees, experts, consultants, or witnesses in any case in the last four (4) years involving allegations of someone being injured at the subject property.

29. Copies of any and all letters, documents, incident reports, insurance claims, and/or emails concerning any allegation of a worker's compensation injury arising from an injury suffered at the subject property in the last four (4) years.

30. Please produce all technical bulletins or directives sent by you or posted at the subject property concerning safety issues in the last four (4) years.

31. Any and all documents that related to any firings, reprimands, suspensions, punishments, complaints, grievances, allegations, denials of any and all of your employees, or agents, who

allegedly, or actually, failed to inspect the subject area concerning Plaintiff's incident at your property on the date of the incident alleged in the Complaint.

32. Any and all warnings you contend you provided, either verbally or by signage, with respect to the area of the subject property prior to the Plaintiff's incident on the date of the incident alleged in the Complaint.

33. Please produce copies of any and all documents showing the names and number of hours worked of all employees of the subject Marshalls and HomeGoods Store who worked at any time on 25 January 2020.

34. A copy of all witness and employee statements gathered in conjunction with the incident report completed by you and regarding the Plaintiff's incident at the subject property on the date of the incident alleged in the Complaint.

35. Copies of any and all letters, documents, reports, invoices, service records and emails concerning any hazardous conditions at the subject property in the last four (4) years.

36. Please produce the full employment files for all individuals identified in your response to Interrogatory No. 20.

37. If the Defendant has withheld any document(s) under a claim of privilege, please provide a privilege log that specifically identifies each document by its name, date, author, recipient(s), and a detailed description for the reason it is being withheld from production.

Respectfully Submitted, this 4th day of August 2021.

/s/Jacob A. Weldon
JACOB A. WELDON, Bar No. 966930
/s/ Jonathan P. Sexton
JONATHAN P. SEXTON, Bar No. 636486

SEXTON LAW FIRM, LLC.
124 Atlanta Street
McDonough, GA 30253
(770) 474-9335
jacob@sextonlawfirm.com
jsexton@sextonlawfirm.com

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-05767-S4**
**8/4/2021 11:29 AM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

TRACIE VANDER VEN and
DEREK VANDER VEN

    Plaintiff,

vs.

THE TJX COMPANIES, INC. d/b/a
MARSHALLS and HOMEGOODS and
WENDY ELY

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

**21-C-05767-S4**

CIVIL FILE ACTION
NO.: _____

### PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT THE TJX COMPANIES, INC.

**COMES NOW,** Plaintiffs, Tracie and Derek Vander Ven (hereinafter referred to as "Plaintiffs) and hereby requests that Defendant THE TJX COMPANIES, INC. (hereinafter, "TJX", "Marshalls", and/or "Defendant") admit for the purpose of this action the truth of the following facts within the time prescribed by law following the date of service hereto and in conformity with O.C.G.A. § 9-11-36.

### INSTRUCTIONS

[1]    If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter.

[2]    If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications.

[3]    You may not give lack of information or knowledge as a reason for failure to admit or deny Requests to Admit, unless you state that you have made a reasonable inquiry and that the information known or readily obtainable is insufficient to enable you to answer.

[4]     The Plaintiff further advises you that if you fail to admit the truth of any matter as requested in the Requests for Admissions, and if the Plaintiff thereafter proves the truth of the matter, the Plaintiff will apply to the Court for an Order requiring you to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

## REQUESTS FOR ADMISSION

1.     Please admit that on the date of the incident alleged in the Plaintiff's Complaint, you were the owner of the Marshalls & HomeGoods store located at 1625 Bass Rd, Macon, GA 31210.

2.     Please admit that on the date of the incident alleged in the Plaintiff's Complaint, you operated and/or managed the Marshalls & HomeGoods store located at 1625 Bass Rd, Macon, GA 31210.

3.     Please admit that the TJX Companies, Inc. is the correct entity named in this suit.

4.     Please admit that Wendy Ely was the general manager of the store on 25 January 2020.

5.     Please admit that the Plaintiff was injured within the Marshalls & HomeGoods store located at 1625 Bass Rd, Macon, Georgia on the date of the incident alleged in the Plaintiff's Complaint.

6.     Please admit that at the time of the Plaintiff's fall on the date of the incident alleged in the Complaint, the Plaintiff was an invitee on the subject premises of the Defendant.

7.     Please admit that the Plaintiff was injured due to a hazardous condition that existed on the subject premises at the time of the incident alleged in Plaintiff's Complaint.

8.     Please admit that a hazardous condition existed on the subject premises in the area of the Plaintiff's incident on the date of the incident alleged in the Plaintiff's Complaint.

[4]     The Plaintiff further advises you that if you fail to admit the truth of any matter as requested in the Requests for Admissions, and if the Plaintiff thereafter proves the truth of the matter, the Plaintiff will apply to the Court for an Order requiring you to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

## REQUESTS FOR ADMISSION

1.     Please admit that on the date of the incident alleged in the Plaintiff's Complaint, you were the owner of the Marshalls & HomeGoods store located at 1625 Bass Rd, Macon, GA 31210.

2.     Please admit that on the date of the incident alleged in the Plaintiff's Complaint, you operated and/or managed the Marshalls & HomeGoods store located at 1625 Bass Rd, Macon, GA 31210.

3.     Please admit that the TJX Companies, Inc. is the correct entity named in this suit.

4.     Please admit that Wendy Ely was the general manager of the store on 25 January 2020.

5.     Please admit that the Plaintiff was injured within the Marshalls & HomeGoods store located at 1625 Bass Rd, Macon, Georgia on the date of the incident alleged in the Plaintiff's Complaint.

6.     Please admit that at the time of the Plaintiff's fall on the date of the incident alleged in the Complaint, the Plaintiff was an invitee on the subject premises of the Defendant.

7.     Please admit that the Plaintiff was injured due to a hazardous condition that existed on the subject premises at the time of the incident alleged in Plaintiff's Complaint.

8.     Please admit that a hazardous condition existed on the subject premises in the area of the Plaintiff's incident on the date of the incident alleged in the Plaintiff's Complaint.

9.     Please admit that the Defendant TJX, by and through its employees at the subject property were under a duty to mitigate potential injuries that could occur as a result of the condition that existed at the time of the Plaintiff's fall.

10.    Please admit that Defendant TJX, by and through its employees at the subject location, had actual knowledge of the hazardous condition that caused the Plaintiff to fall.

11.    Please admit that Defendant TJX, by and through its employees at the subject location, had constructive knowledge of the hazardous condition that caused the Plaintiff to fall.

12.    Please admit that the Plaintiff was injured in an area used by invitees of the Defendant.

13.    Please admit that on the date of the incident alleged in the Complaint, the area where the Plaintiff fell was included within a designated area for inspection by employees of the Defendant TJX.

14.    Please admit that on the date of the incident alleged in the Complaint, Defendant's employees had actual knowledge of the potential for the hazardous condition that existed in the area where the Plaintiff was injured at the subject property prior to the incident.

15.    Please admit that on the date of the incident alleged in the Complaint, Defendant's employees had constructive knowledge of the potential for such hazardous conditions existed in the area where the Plaintiff was injured at the subject property.

16.    Please admit that the Defendant did not exercise ordinary care in keeping its premises and approaches safe.

17.    Please admit that there were no signs or warnings posted in the area where the Plaintiff slipped, fell, and was injured.

18.    Please admit that no TJX employees warned Plaintiff of the hazard prior to her fall.

19.     Please admit that Plaintiff had no knowledge of the hazardous condition that caused the Plaintiff to slip and fall.

20.     Please admit that at least one member of the Defendant's staff observed the Plaintiff after the incident alleged in the Plaintiff's Complaint.

21.     Please admit that at least one member of Defendant's Staff observed Plaintiff's fall.

22.     Please admit that there were numerous employees of the Defendant TJX in a position capable of observing the location of the hazardous condition that existed at the time of Plaintiff's fall.

23.     Please admit that there were numerous employees of the Defendant TJX on the same aisle or in view of the location where Plaintiff fell consistently for at least 20 minutes prior to Plaintiff's fall.

24.     Please admit that, immediately following the fall, the Plaintiff complained of having been injured as a result of the slip and fall on the premises.

25.     Please admit that the Plaintiff was injured as a result of slipping and falling at the subject premises.

26.     Please admit that, on the date of the incident alleged in the Complaint, Defendant TJX had written policies, procedures and/or guidelines for inspecting and maintaining the subject property.

27.     Please admit that, after the occurrence of the incident alleged in the Complaint, Defendant did not follow proper protocol, pursuant to Defendant's policies, in investigating the cause of Plaintiff's injuries.

28.     Please admit that this court has personal jurisdiction over the Defendant for this lawsuit.

29.     Please admit that venue for this action is proper as alleged in the Complaint.

30.     Please admit that service of process on Defendant was proper.

31.     Please admit that you Defendant TJX is in receipt of an anti-spoliation letter regarding this incident.

32.     Please admit that Defendant Wendy Ely was an employee of Defendant TJX on the date of the incident.

33.     Please admit that Defendant Wendy Ely was the acting store manager of the subject store on the date of the incident.

34.     Please admit that Defendant Wendy Ely had a duty to maintain the premises in a safe manner.

35.     Please admit that Defendant Wendy Ely had a duty, either herself or through other employees, to inspect the premises for dangerous conditions.

36.     Please admit on the date of the incident, you had devices which captured photos or video of the area in which the Plaintiff was injured.

37.     Please admit that your cameras captured the alleged incident.

38.     Please admit that your cameras captured the moment in which the dangerous condition was created.

39.     Please admit that you have security personnel in place to monitor these cameras.

40.     Please admit that nothing was done to correct the dangerous condition during the 15-minutes or more that the condition existed prior to Plaintiff's slip and fall.

41.     Please admit that your employees were present on the same aisle in close proximity to the dangerous condition after it existed and prior to Plaintiff's fall.

Respectfully Submitted, this <u>4th</u> day of <u>August</u> 2021.

SEXTON LAW FIRM, LLC.                    <u>/s/Jacob A. Weldon</u>
124 Atlanta Street                       JACOB A. WELDON, Bar No. 966930
McDonough, GA 30253                      <u>/s/ Jonathan P. Sexton</u>
(770) 474-9335                           JONATHAN P. SEXTON, Bar No. 636486
jacob@sextonlawfirm.com
jsexton@sextonlawfirm.com

- 6 -