IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TRACIE VANDER VEN, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:21-cv-03876-LMM |
| THE TJX COMPANIES, INC., et al., | : | |
| | : | |
| Defendants. | : | |

**ORDER**

The Court must consider whether it has subject-matter jurisdiction to hear a case, regardless of whether the issue is raised by the parties. See Wooden v. Bd. of Regents, 247 F.3d 1262, 1271 (11th Cir. 2001). Original jurisdiction of the district courts of the United States may be based on diversity of citizenship of the parties (diversity jurisdiction) or on a claim arising out of the Constitution or laws of the United States (federal-question jurisdiction). 28 U.S.C. §§ 1331, 1332.

The claims in this action arise from a slip-and-fall accident taking place on January 25, 2020, at a Marshalls & HomeGoods store operated by defendant The TJX Companies, Inc. ("TJX"). Dkt. No. [1-1] at 5-8. Plaintiffs Tracie VanderVen and Derek Vander Ven filed suit against TJX and store manager Wendy Ely in the

State Court of Gwinnett County, Georgia, on August 4, 2021. Id. at 5. On September 20, 2021, TJX removed the matter to this Court on grounds of diversity-of-citizenship jurisdiction, arguing that Ely had been fraudulently joined to this case in an attempt to destroy diversity. Dkt. No. [1]. TJX and Ely filed answers to the complaint on September 22, 2021. Dkt. Nos. [2, 3]. On November 12, 2021, the Court granted an unopposed motion to amend the complaint. Dkt. No. [12]. With the filing of the amended complaint, store manager Nicole Adams became a party defendant. Dkt. No. [13].

      Federal courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "The party wishing to assert diversity jurisdiction bears the burden of establishing that diversity exists." Duff v. Beaty, 804 F. Supp. 332, 334 (N.D. Ga. 1992) (citing Cameron v. Hodges, 127 U.S. 322 (1888)).

      Plaintiffs allege in the amended complaint that Ely and Adams are citizens of the state of Georgia. Dkt. No. [13] ¶¶ 5, 6. Although Plaintiffs make allegations only with regard to their state of residence, it appears that they are also citizens of Georgia. Id. ¶ 2; Dkt. No. [1] ¶ 6. It therefore appears that Plaintiffs, Ely, and Adams are all Georgia citizens.

      In order for the Court to exercise subject-matter jurisdiction over a removal action asserting only state-law claims, it is necessary for all plaintiffs to be of diverse citizenship from all defendants. Legg v. Wyeth, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005) ("Federal diversity jurisdiction under 28 U.S.C. § 1332

requires 'complete diversity'—the citizenship of every plaintiff must be diverse from the citizenship of every defendant."). Subject-matter jurisdiction therefore appears to be lacking.

While Defendants argued fraudulent joinder in their notice of removal, they have not filed a motion to dismiss Ely and did not oppose the joinder of Adams. Accordingly, on November 12, 2021, the Court entered an Order directing Defendants to show cause within the following 14 days why the case should not be remanded to the State Court of Gwinnett County for lack of subject-matter jurisdiction. Dkt. No. [12] at 3. Defendants' response was therefore due on November 26, 2021.

To date, no response has been filed. Accordingly, the Court finds that Defendants have failed to establish that the Court may exercise subject-matter jurisdiction over the case. The matter is hereby **REMANDED** to the State Court of Gwinnett County.

**IT IS SO ORDERED** this 1st day of December, 2021.

_____
**Leigh Martin May**
**United States District Judge**